UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES BILTCLIFFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 12-11967-FDS |
| ) | |
| CITIMORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

**SAYLOR, J.**

This action arises from a homeowner's default on a home loan and the resulting mortgage foreclosure. Jurisdiction is based on diversity of citizenship.

In 2004, plaintiff James Biltcliffe and his wife purchased a home in Bridgewater, Massachusetts. As part of the transaction, he and his wife granted a mortgage on the house to the lender, which was ultimately assigned to defendant CitiMortgage, Inc.

After the Biltcliffes fell behind on payments in 2008, CitiMortgage sent them default notices, which informed them that the debt could be accelerated and a foreclosure sale effectuated should the default not be cured. In 2011, CitiMortgage proposed a loan modification pursuant to the Home Affordable Modification Program ("HAMP"), a federal initiative designed to provide incentives for lenders to agree to modification of home loan agreements in lieu of foreclosure. Biltcliffe made partial payments in the amounts set forth in the proposed modification, but CitiMortgage never executed the modification agreement and proceeded to foreclose on the property.

Biltcliffe commenced this action against CitiMortgage on October 11, 2012, in Massachusetts Superior Court alleging (1) breach of contract, (2) unjust enrichment, and (3) breach of the implied covenant of good faith and fair dealing.  CitiMortgage removed the action to this Court.  After accepting additional evidence from the parties, this Court granted summary judgment to CitiMortgage on July 10, 2013.[1]

Biltcliffe has moved for reconsideration of the judgment for Citimortgage.  For the reasons set forth below, the motion will be denied.

## I.   Background

The factual background is recounted in the memorandum and order on defendants' motion for judgment on the pleadings.

## II.   Standard of Review

### A.   Summary Judgment

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotations omitted).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant . . . would permit a rational fact

---

[1] The Court found it necessary to consider documents submitted as exhibits to the amended complaint, the amended answer, and the opposition to the motion for judgment on the pleadings.  The parties had challenged the authenticity of some of those documents.  The Court granted the parties an opportunity to present additional materials pertinent to the motion by making supplemental filings by July 1, 2013.  Defendant filed additional affidavits.  (*See* Def.'s Aff. in Support re Mot. J. Pleadings).  Plaintiff filed nothing by July 1.  Plaintiff then sought, on July 2, leave to file a late reply, contending that it was surprised by the contents of defendant's submission.  The Court denied plaintiff's motion finding that defendant's filings were not "surprising" and that plaintiff had not shown good cause why his failure timely to respond to the Court's prior order should be excused.

finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). In evaluating a summary judgment motion, the Court indulges all reasonable inferences in favor of the non-moving party. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

### B. Reconsideration

The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008). A motion for reconsideration will be granted upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Id.* A Rule 59(e) motion cannot be used to "advance a new argument that could (and should) have been presented prior to the district court's original ruling."
*Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). Nor is a Rule 59(e) motion an appropriate means to "repeat old arguments previously considered and rejected." *Nat'l Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

### III. Analysis

Plaintiff puts forth three main arguments as to why reconsideration is warranted. First, he takes issue with defendant's affidavits. He contends that they have "little or no evidentiary

value" and that the Court's reliance on them therefore was a manifest error of law. (Mot. Recons. at 6-13). In opposition to defendant's motion for judgment on the pleadings, plaintiff had challenged the authenticity of the demand letters and notice, which defendant had attached to its amended answer. In response, defendant provided affidavits from Jeanne Pezold, a CitiMortgage analyst, and Sarah Crocker, an attorney hired by CitiMortgage who worked on plaintiff's foreclosure case. Plaintiff is correct that the Court mistakenly referred to Sarah Crocker as "Sarah Harmon" in its July 10 decision. But that does not undermine her affidavit. Her statement and that of Ms. Pezold aver sufficient facts to establish the authenticity of the demand letters and notice. Therefore, the Court could properly rely on them. The fact that these affidavits and letters contradicted plaintiff's sworn statement that he never received the letters did not create an issue of material fact, because the law did not require proof of receipt, only of mailing. *See* Mass. Gen. Laws ch. 244, § 35A; 2007 Mass. Ch. 206, Sec. 11, House Bill 4387 (Nov. 29, 2007). This is not a case of "dueling affidavits" (Mot. Recons. at 10), but instead a case where one party has offered competent and sufficient evidence that the other party has not rebutted.

      Plaintiff also contends that these affidavits raised new defenses to which he did not have an opportunity to respond. Specifically, he objects to three letters—two sent to him and one to his bankruptcy attorney—denying his application for a loan modification. This argument largely repeats his July 2, 2013 motion for leave to file a late reply, which the Court considered and denied. In addition, it is worth noting that the essential documents on which the Court based its decision were the mortgage contract; the September 4, 2008 demand letter; the September 24, 2008 demand letter; and the April 9, 2010 notice of acceleration. Whether the modification

letters were sent or received was immaterial to the decision. Thus, even if plaintiff did not receive any of these three letters, no manifest error of law occurred. Accordingly, reconsideration on the basis of the Pezold and Crocker Affidavits will be denied.

Second, plaintiff submits the affidavits of Brian R. Lewis, his bankruptcy attorney, and of Evan P. Lowney, his present attorney, as "new" evidence. Plaintiff relies on Mr. Lewis's statements that he may not have received the loan modification denial letter in support of his contention that plaintiff could not have anticipated the loan modification letters defendant submitted, and that he should have been granted an opportunity to respond. For multiple reasons, this argument fails. The Court previously heard, considered, and rejected this argument, which plaintiff asserted in his July 2 motion for leave to file a late reply. Furthermore, the evidence is not "new." All of the facts were previously available to plaintiff. Finally, even if plaintiff was not aware that the letters might be submitted, that fact is immaterial. As previously noted, the loan modification letters were not a deciding factor in the Court's prior decision. As to the Lowney Affidavit, his statement mixes facts and legal argument, none of which provide evidence that was not previously available to plaintiff. Neither is the evidence material to the Court's July 10 decision. Thus, the Lewis and Lowney Affidavits are not grounds for reconsideration.

Third, plaintiff asserts that the court made an error of law or apprehension and should not have granted summary judgment on the counts of unjust enrichment and breach of the implied covenant of good faith and fair dealing. The Court granted summary judgment on unjust enrichment, among other reasons, because it found that defendant was not unjustly enriched by plaintiff's partial payments of his mortgage even though his loan modification application was ultimately denied. The unjust enrichment claim was properly denied.

Furthermore, the Court properly apprehended plaintiff's claim for breach of the implied covenant of good faith and fair dealing.  Plaintiff alleged then, as now, that defendant breached the contract by accelerating the debt and proceeding with the foreclosure without providing adequate notice and after accepting almost one year's worth of partial payments.  But the mortgage contract provided for this situation.  Defendant retained the right to invoke the statutory power of sale even after accepting plaintiff's partial payments, and therefore had the legal authority to foreclose on the property when it did.  Plaintiff was not denied the protections of the contract, and summary judgment on the claim for breach of the implied covenant of good faith and fair dealing was appropriate.

Finally, plaintiff's motion for reconsideration and reply to defendant's opposition repeat many arguments that were considered and decided in the July 10 decision.  For example, he reasserts that the initial demand letters were not statutorily sufficient to constitute an acceleration; that defendant's correspondence should have been sent by certified mail; and that he should have been granted leave to file a late reply.  Because reconsideration is not the time to "repeat old arguments previously considered and rejected," *Nat'l Metal Finishing Co.*, 899 F.2d at 123, the Court need not rule on them again.

Accordingly, plaintiff's motion for reconsideration will be denied.

### III.   Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

**So Ordered.**

 /s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:  November 22, 2013